# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-528V
UNPUBLISHED

| | |
|---|---|
| THOMAS LAHA,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 15, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Renée J. Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, DC for petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On April 29, 2020, Thomas Laha filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that that he suffered left shoulder and arm pain as a result of his influenza vaccination on October 5, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 13, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the Petition and medical records filed in this case. Based on their review, DICP concluded that petitioner suffered a Table injury of left SIRVA [Shoulder Injury Related to Vaccine Administration]. DICP did not identify any other causes for petitioner's left SIRVA, and based on the medical records outlined above, petitioner met the statutory requirements by experiencing six months of residual effects. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i) and (iii).

*Id.* at 6.  Respondent further agrees that "compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

2